Commonwealth ex rel. Cunningham, Appellant, *v.* Maroney.

Argued March 17, 1966.   Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*David B. Fawcett, Jr.,* with him *Dickie, McCamey & Chilcote,* for appellant.

*Edwin J. Martin,* Assistant District Attorney, with him *Robert W. Duggan,* District Attorney, for appellees.

OPINION BY MR. JUSTICE ROBERTS, April 19, 1966:

In 1963, appellant was tried and convicted of murder in the second degree. Trial was by jury and throughout the proceedings appellant was represented by court appointed counsel. A post trial motion for a new trial was denied and appellant was sentenced to a term of imprisonment of 10 to 20 years. No appeal was taken.

On October 8, 1964, appellant filed a petition for a writ of habeas corpus in the court below challenging his conviction. Counsel was appointed and a hearing on the petition was held. On September 2, 1965, an order was entered denying the petition. From this order appellant appeals.

In his petition for habeas corpus, appellant raises a number of contentions. However, in light of the disposition we make, we find it necessary to consider but one.

Appellant contends that following his conviction and the denial of his motion for a new trial, he requested trial counsel to perfect an appeal to this Court, but that counsel failed to act upon such request within the time allowed by law. By reason of counsel's failure to perfect an appeal, appellant contends that he was deprived of his constitutional right to the assistance of counsel on appeal as set forth in the decision of the Supreme Court of the United States in *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963), and the decisions of this Court in *Commonwealth ex rel. Branam v. Myers,* 420 Pa. 77, 216 A. 2d 89 (1966), *Commonwealth ex rel. Robinson v. Myers,* 420 Pa. 72, 215 A. 2d 637 (1966), and *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 213 A. 2d 613 (1965).

It is settled law since the decision in *Douglas v. California,* supra, that an indigent defendant is constitutionally entitled to the assistance of counsel on an appeal as of right. Moreover, it is equally settled that a necessary incident of that right is the assistance of counsel in the task of perfecting such an appeal. *Commonwealth ex rel. Branam v. Myers,* supra; *Commonwealth ex rel. Robinson v. Myers,* supra; *Commonwealth ex rel. Stevens v. Myers,* supra.

Appellant, having been convicted of murder, had an absolute right of appeal to this Court. Act of February 15, 1870, P. L. 15, §1, 19 P.S. §1186. However, the failure of appellant to take such an appeal within the time allowed by law will preclude the assertion of such right unless the failure to do so resulted from an unconstitutional deprivation of the assistance of counsel. *Commonwealth ex rel. Robinson v. Myers,* supra; *Commonwealth ex rel. Stevens v. Myers,* supra.

In denying appellant's claim for relief, the court below found that following the denial of appellant's motion for a new trial, counsel visited him at the Allegheny County Jail at which time the matter of an appeal was discussed; that counsel advised appellant that unless new evidence was uncovered there was no basis for an appeal; and that "relator accepted this advice and decided not to appeal. . . ." The court proceeded to find that appellant had acquiesced in the recommendation of counsel that no appeal be taken and concluded that appellant had thus waived his right to the assistance of counsel. With this conclusion we are unable to agree.

At the habeas corpus hearing, appellant testified that despite trial counsel's disinclination to pursue an appeal, he was desirous that such action be taken. Trial counsel, however, testified that although a desire to appeal had been expressed, appellant had not pressed the matter when informed of counsel's view that an appeal would be unavailing.

In our view, trial counsel's testimony, taken in the light most favorable to the Commonwealth, will not support a finding of acquiescence sufficient to constitute a waiver.

Trial counsel testified that in response to appellant's inquiries with respect to an appeal, he informed appellant that no basis for an appeal was present absent the discovery of new evidence. In so informing appellant, trial counsel failed to apprise appellant of other grounds upon which an appeal could be predicated. By suggesting that an appeal would be fruitful only in the event that new evidence was uncovered, counsel may well have created the impression that only such circumstances would support an appeal, rather than, as we assume was intended, would offer a significant chance for appellant to prevail.

So long as a possibility of such misimpression exists, we are unable to conclude that appellant's acquiescence constituted an "intentional relinquishment or abandonment of a known right." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019, 1023 (1938). Absent such abandonment, we are unable to find waiver of appellant's constitutional right to the assistance of counsel in the perfecting of an appeal.

The sentence imposed following appellant's conviction was the maximum permitted by law. Thus, a decision to forego appeal could not have been based upon the risk that a new trial, were defendant to prevail on appeal, would expose him to a harsher sentence. Under such circumstances, our conclusion that the probability that appellant's acquiescence in counsel's recommendations may have been based upon an inadequate appreciation of both the grounds and consequences of an appeal is strengthened.

Had appellant the funds with which to retain counsel, we do not doubt that he would have been able to indulge his grievances, real or fanciful, on appeal. Ap-

pellant was entitled to no less. His conviction of a serious crime, and its accompanying serious penalty, provides added incentive to our efforts to ensure that by reason of indigency, he is not deprived of that measure of protection against error and injustice which those of ample means are able to secure by appellate review.

Accordingly, we hold that the order of the court below must be reversed and the record remanded with directions to enter an order consistent with this opinion and to transfer the record to the Court of Oyer and Terminer of Allegheny County. Upon such transfer, said court shall appoint counsel for the purpose of prosecuting an appeal. Upon motion of appointed counsel, this Court will permit an appeal to be docketed as if timely filed.

The order of the court below is reversed and the record remanded for proceedings consistent with this opinion.