## Commonwealth v. Brogan, Appellant.

496

Submitted June 12, 1967. Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN,
and SPAULDING, JJ.

*Earl Brogan,* appellant, in propria persona.

*Welsh S. White* and *Alan J. Davis,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 15, 1967:
This is an appeal from the dismissal, without hearing, of a petition for post-conviction relief.

In 1954, petitioner was indicted and charged with aggravated robbery and related offenses. After a trial by jury, he was sentenced to a term of not less than ten nor more than twenty years imprisonment.

On appeal, petitioner contends that his right to the effective assistance of counsel was violated when his attorney refused to perfect post-trial motions or prosecute an appeal on his behalf.

"It is settled law since the decision in Douglas v. California, supra [372 U.S. 353, 83 S. Ct. 814 (1963)],

that an indigent defendant is constitutionally entitled to the assistance of counsel on an appeal as of right. Moreover, it is equally settled that a necessary incident of that right is the assistance of counsel in the task of perfecting such an appeal." *Commonwealth ex rel. Cunningham v. Maroney,* 421 Pa. 157, 159, 218 A. 2d 811, 812 (1966).

"[A] defendant's right to the assistance of counsel in properly perfecting his appeal must, of necessity, include counsel's assistance in the filing of post-trial motions. . . . Moreover, the decision not to file such post-trial motions, no less than the decision not to file the appeal itself, requires the defendant's intelligent and understanding appreciation of the consequences of such action." *Commonwealth v. Grillo,* 208 Pa. Superior Ct. 444, 448, 222 A. 2d 427 (1966).

Since petitioner's allegations, if true, would entitle him to the relief prayed for, the order of the lower court must be vacated and the case remanded with directions to hold an evidentiary hearing at which time the circumstances of petitioner's failure to file post-trial motions will be fully explored.

If the lower court should conclude, following such a hearing, that no denial of petitioner's constitutional rights occurred, it shall enter an order to that effect. In the event, however, that the court determines that petitioner's constitutional rights were infringed, it shall enter an order vacating petitioner's sentence and granting petitioner the right to file post-trial motions nunc pro tunc.

Record remanded for further proceedings consistent with this opinion.