Commonwealth *v.* Wilson, Appellant.

Submitted March 11, 1968. Before BELL, C. J., MUS-
MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*John P. Papuga,* with him *Patterson, Crawford,
Arensberg & Dunn,* for appellant.

*Charles B. Watkins,* Assistant District Attorney,
and *Robert W. Duggan,* District Attorney, for Com-
monwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, May 3, 1968:

Appellant was convicted by a jury of murder in the
first degree and was sentenced in June of 1958 to serve
a life sentence. In a May, 1966 Post Conviction Hear-
ing Act petition he requested, inter alia, the right to
file new trial motions nunc pro tunc and, if these were
denied, the right to appeal from that denial. A hear-
ing was held in the court below, limited by the judge
to an examination of whether appellant Wilson's right
to appeal and right to the assistance of counsel on ap-
peal had been violated. The hearing court found no
violation of *Douglas v. California,* 372 U.S. 353, 83 S.
Ct. 814 (1963);[1] this appeal was taken from that de-
cision.

---

[1] The *Douglas* decision is of retroactive application. E.g.,
*Smith v. Crouse,* 378 U.S. 584, 84 S. Ct. 1929 (1964) (per curiam);
*Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 21-22, 213 A. 2d
613, 624-25 (1965).

Under the Act of February 15, 1870, P. L. 15, §1, 19 P.S. §1186, an individual convicted of either murder or voluntary manslaughter may appeal that conviction to this Court as a matter of right. If indigent (as was appellant), an accused is entitled to the assistance of counsel for the preparation of post-trial motions, *Commonwealth v. Brogan,* 210 Pa. Superior Ct. 495, 234 A. 2d 57 (1967); *Commonwealth v. Grillo,* 208 Pa. Superior Ct. 444, 222 A. 2d 427 (1966); and to the assistance of counsel for the perfection and taking of an appeal. See, e.g., *Commonwealth ex rel. Light v. Cavell,* 422 Pa. 215, 217, 220 A. 2d 883, 884 (1966); *Commonwealth ex rel. Cunningham v. Maroney,* 421 Pa. 157, 159, 218 A. 2d 811, 812 (1966). However, an accused can waive these rights if that waiver constitutes an "intentional relinquishment or abandonment of a known right." *Commonwealth ex rel. Light v. Cavell,* supra at 218, 220 A. 2d at 884; *Commonwealth ex rel. Cunningham v. Maroney,* supra at 160, 218 A. 2d at 813; see *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019, 1023 (1938). Finally, the burden of demonstrating a waiver of these rights by an indigent defendant where, as here, the record is silent, i.e., there is no record showing that appellant waived his right to appeal and the assistance of counsel, therefore, is placed upon the Commonwealth. See *Commonwealth ex rel. Robinson v. Myers,* 427 Pa. 104, 107, 233 A. 2d 220, 222 (1967); *Commonwealth ex rel. Mullins v. Maroney,* 428 Pa. 195, 199, 236 A. 2d 781, 784 (1968); *Commonwealth ex rel. Wright v. Cavell,* 422 Pa. 253, 257-58, 220 A. 2d 611, 614 (1966).[2]

---

[2] Nothing said in either *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 608, 235 A. 2d 349, 354 (1967) or *Commonwealth v. Hill,* 427 Pa. 614, 616, 235 A. 2d 347, 348 (1967) derogates from this conclusion. In fact, in *Washington,* supra at 608 n.13, 235 A. 2d at 354 n.13, we specifically exempted allegations that the prisoner was denied counsel from the operation of the general rule

What must the Commonwealth show to demonstrate that an accused has intentionally relinquished or abandoned his right of appeal and the assistance of counsel for that purpose?[3] *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 213 A. 2d 613 (1965) provides an indication. We there said that the hearing should elicit sufficient information to enable the post-conviction court to make the following determination: (id. at 23, 213 A. 2d at 625): "The hearing court shall then determine whether, directly or indirectly, petitioner was denied the assistance of counsel in perfecting his appeal, whether a denial of counsel was a factor in the failure to take an appeal or whether some other reason was involved which amounted to an intelligent and knowing waiver of the right to appeal *and* the assistance of counsel." (Emphasis supplied.) To intelligently waive a right, the accused must first know what that right is. *Douglas* makes clear that an essential ingredient of the right of an appeal (assuming, of course, that the now convicted accused is indigent) is the assistance of court appointed counsel to perfect and prosecute that appeal.

---

that in a post-conviction hearing the prisoner bears the burden of proof. We can discern no relevant distinction between an allegation that the accused did not waive trial counsel and an allegation that he did not waive appellate counsel and thus conclude that in both cases, where the record is silent, the Commonwealth bears the burden of proof. This conclusion is reinforced by the retroactivity of both *Gideon* and *Douglas.* See *Commonwealth v. Padgett,* 428 Pa. 229, 234-36, 237 A. 2d 209, 211-12 (1968). To the extent that §3 of the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-3 (Supp. 1967) contains an intimation to the contrary, that intimation would be unconstitutional and we thus do not read §3 as contrary to the above conclusion.

3 *Commonwealth ex rel. Butler v. Maroney,* 429 Pa. 141, 239 A. 2d 426 (1968) indicates that the Commonwealth must make this demonstration by a preponderance of the evidence.

It is evident from this record, however, that the Commonwealth contends that all an indigent accused must be told is that he can appeal. The error in this belief lies in the implicit assumption that the right of appeal can be segregated from the *Douglas* right of assistance of counsel for that purpose. Such conceptual segregation is not permissible for the reason that an accused's decision to appeal may well be influenced by whether he knows that court appointed counsel is available. Certainly, the Commonwealth would not contend that an accused has waived the right to contest the voluntariness of a guilty plea if all the accused has been told is that he can protest the validity of that plea, but has not been told that the protest, if successful, will result in the award of a new trial. By the same token, an accused cannot waive his right to appeal and the concomitant *Douglas* right to assistance of appellate counsel unless he is told of his right to such court appointed counsel.

The record below, although it does indicate that appellant may have been told that he could appeal, is completely silent as to whether appellant was at any point informed or was aware that he was entitled to court appointed counsel. *Douglas* requires that an indigent accused be aware of both rights. Given the Commonwealth's burden in this type of case, on this record we could conclude that it has not met that burden. However, it is at least arguable that our prior cases considering *Douglas* have not made it sufficiently clear that the Commonwealth must demonstrate, where the record is silent, that the post-conviction applicant was aware of *both* his right to appeal and his right to court appointed appellate counsel. Under these circumstances, we believe that the proper disposition of this litigation is a remand to the court below with directions that the Commonwealth be permitted to of-

6

fer testimony that appellant was aware of the rights accorded by the *Douglas* decision. If the hearing court finds that the Commonwealth is able to demonstrate that appellant knew of his right of appellate counsel, it shall enter an order denying relief. If, however, the Commonwealth fails to make such a demonstration, the court shall appoint counsel for the purpose of filing and arguing post-trial motions and, if necessary, prosecuting an appeal.[4] In the event post-trial motions are denied, this Court will permit, upon motion of counsel, an appeal to be docketed as if timely filed and thereafter orally argued.

Nor would it be inappropriate for us to suggest, as we have in related contexts, see, e.g., *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968) ; *Commonwealth ex rel. Barnosky v. Maroney,* 414 Pa. 161, 199 A. 2d 424 (1964), that the trial court, the Commonwealth or trial counsel should place on record, perhaps immediately after sentence is imposed, a full examination of the accused sufficient to demonstrate that he is aware of his right to appeal and his right to counsel for that purpose, and that he understands the full import of these rights as well as the consequences which may flow from their exercise.[5]

---

[4] Either the Commonwealth or the appellant would, of course, have the right to appeal the decision of the hearing court.

[5] The Commonwealth on appeal raises for the first time a contention that appellant has waived the right to present his *Douglas* claim by failing to present that claim in a prior habeas corpus petition. See *Commonwealth v. Kizer,* 428 Pa. 99, 236 A. 2d 515 (1967). However, a resolution of this claim cannot be made on this record for the simple reason that it was not raised below and thus no facts were adduced of record on this issue. The Commonwealth may, if it chooses, present this contention to the hearing court when this hearing is re-opened.

It appears that appellant, although indigent at the time of trial and therefore at that time given court appointed counsel, was able to obtain private counsel for his post-conviction hearing

The order of the Court of Oyer and Terminer of Allegheny County is vacated and the record remanded with instructions.

Mr. Chief Justice BELL dissents.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

and appeal. If the court finds that appellant has sufficient funds to continue this litigation, it will not be necessary for it to appoint counsel.