Dissenting Opinion by
Hoffman, J.:
Appellant was tried and found guilty by a jury of conspiracy and larceny on September 22, 1966. Appellant’s counsel filed motions for a new trial and arrest of judgment after the verdict. On October 14, 1966, after a conversation between counsel and appellant, the motions were withdrawn and appellant was sentenced to a term of three and one half to seven years.
On May 22, 1967, appellant filed a petition under the Post Conviction Hearing Act alleging that he was denied the assistance of counsel on appeal and that the notes of testimony of his trial were not given to him by the court. Hearings were held on June 8, 1967, and September 11, 1967. The Court denied appellant relief on November 3, 1967, and from that denial, this appeal followed.
Appellant first alleges that he was denied his constitutional right to assistance of counsel on appeal as required by Douglas v. California, 372 U.S. 353 (1963) and Commonwealth v. Sliva, 415 Pa. 537, 204 A. 2d 455 (1964). The lower court in denying relief found *304 that appellant intelligently and knowingly waived his right to assistance of appellate counsel. I disagree.
At the hearings, appellant testified that trial counsel asked if he wanted to take an appeal after the guilty verdict was pronounced. Appellant answered in the affirmative, and trial counsel then made the requisite motions for new trial and arrest of judgment. Appellant did not speak to trial counsel again until he appeared for rulings on these motions. At that time, appellant, after a conference with trial counsel, asked counsel to withdraw the motions so that appellant might be sentenced. Appellant asked counsel at that time if he could then take an appeal, and counsel told him that he could once he was in prison, under the auspices of the authorities of the prison. In other words, appellant was under the impression that he would have to appeal pro se. This fact is substantiated by several letters to the court in which he asked for copies of the notes of testimony in order to prosecute his appeal.
Trial counsel’s testimony at the hearing corroborated appellant’s statements. Counsel said that after appellant asked him if “he could pursue the matter further”, counsel told him that appellant would have to decide this for himself and that counsel would have nothing more to do with the case. Counsel further testified that the discussion about appeal was centered around the merits of the case, and at no time was appellant apprised of the fact that his right would be cut off by withdrawal of post-trial motions.
If appellant, after the conference with counsel, knowingly and intelligently withdrew his post-trial motions, then he cannot take an appeal. By bypassing orderly state procedures for challenging a conviction, appellant would be precluded from prosecuting an appeal and would be deemed to have waived that right. *305 Commonwealth v. Wallace, 427 Pa. 110, 233 A. 2d 218 (1967).
In the Wallace decision, the Supreme Court noted that there was a long colloquy of record in which it was determined that the appellant had intelligently withdrawn post-trial motions. On that basis, appellant in that case waived his right to assert the denial of assistance of counsel on appeal. The present case is markedly different. Here, the record indicates that the reason post-trial motions were withdrawn was either because appellant’s family could not afford assistance of counsel any longer or that appellant wished to be sentenced right away. There is no colloquy of record to substantiate an intelligent waiver. Moreover, the record shows that appellant was under the misimpression that he could still prosecute an appeal even though post-trial motions were withdrawn. Trial counsel admitted at the hearings that he informed appellant that he could appeal after the withdrawal of the motions. Thus, it is clear that appellant has not intelligently and knowingly waived his right to assistance of counsel on appeal by withdrawal of post-trial motions.
It is also my opinion that appellant has not waived his right to appellate counsel even though he knew that he could prosecute an appeal. As noted above, appellant’s counsel told him that he could proceed further with the matter by himself, and prison authorities would aid him. He was never informed by counsel or the court that if he was indigent, he had a right to court-appointed counsel for prosecution of his appeal.
Under the recent decision of Commonwealth v. Wilson, 430 Pa. 1, 241 A. 2d 760 (1968), our Supreme Court held that an indigent defendant must be told of his absolute right to appeal and that he is entitled to court appointed counsel pursuant to Douglas v. Cali *306 fornia, 372 U.S. 353 (1963). In Wilson, the appellant, as in this case, was aware of his right to appeal but not apprised of the fact that he had a right to court-appointed appellate counsel.
In Wilson, the record was silent as to whether appellant had been informed of his Douglas rights. On that basis, the Court remanded for a hearing on that issue and stated that if he was not so informed, he should be given his right to appeal nunc pro tunc with the aid of counsel. In the instant case, a hearing has already been held and the record discloses that appellant was never told of his Douglas rights and was under the impression that he could only proceed pro se.
Since appellant was not warned of his Douglas rights, as required by the Wilson decision, it is impossible to find a knowing and intelligent waiver of that right. “To intelligently waive a right, the accused must first know what that right is. Douglas makes clear that an essential ingredient of the right of an appeal (assuming, of course, that the now convicted accused is indigent) is the assistance of court appointed counsel to perfect and prosecute that appeal.” at 4.
I would, therefore, hold that appellant has not intelligently and knowingly waived his right to assistance of counsel in prosecuting his appeal and remand the case with instructions to appoint counsel to represent appellant, if the court finds that he is still indigent, in prosecuting his appeal nunc pro tunc.
The appellant also contends that he cannot properly prosecute his appeal without his notes of testimony. The lower court denied appellant’s timely request on the ground that the Act of May 1, 1907, P. L. 135, §2, as amended, 17 P.S. 1802, only requires that a defendant be provided with the notes of testimony of his trial if he was tried in the several courts of oyer *307 and terminer and general jail delivery. Since appellant was 'tried in the Court of Quarter Sessions of Lancaster County, appellant did not fall within the purview of the above Act.
Admittedly the Act does not require that a defendant tried and convicted in a quarter sessions court be provided with his notes of testimony at the county’s cost if he is deemed indigent, and several decisions have so held. Commonwealth ex rel. Sleighter v. Banmiller, 392 Pa. 133, 139 A. 2d 918 (1958); Commonwealth v. Mawson, 34 Pa. D. & C. 2d 219 (1964). But in light of the United States Supreme Court decisions of Griffin v. Illinois, 351 U.S. 12 (1956) and Draper v. Washington, 372 U.S. 487 (1963), it is my opinion that appellant has a constitutional right to obtain his notes of testimony if he is indigent and the notes are necessary to prosecute his appeal.
In Griffin v. Illinois, supra, the Court stated: “Plainly the ability to pay costs in advance bears no rational relationship to a defendant’s guilt or innocence and could not be used as an excuse to deprive a defendant of a fair trial.” at 17-18. The same concept was applied to appellate review. The Court thus held that the State must give an indigent defendant the notes of testimony of his trial in order to afford him adequate and effective appellate review.
The Griffin decision also asserted that a state need not buy the notes of testimony for indigent defendants in all cases. As stated in Draper v. Washington, supra, in reference to the Griffin case, that, “Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant’s contentions arise.” at 495.
Under our current Act, there is no provision by which a defendant tried and convicted in quarter ses *308 sions court can obtain notes of testimony at the county’s expense, nor any other means by which he can prepare an adequate presentation of the allegations that he desires to raise on appeal. Nor have our Courts promulgated any other method by which an indigent defendant can present his appeal.
Accordingly, it is my opinion that insofar as the above Act fails to provide an indigent defendant with the stenographic notes of his trial at the county’s expense, if necessary to prosecute an effective appeal, the Act is unconstitutional. I would, therefore, order that the notes of testimony be given to appellant, if such are necessary to prosecute his appeal nunc pro tunc, in accordance with Griffin v. Illinois, supra, and Draper v. Washington, supra.