## Commonwealth v. Pinkett, Appellant.

Submitted June 10, 1968. *Richard M. Lovenwirth,* Assistant Public Defender, for appellant; *Richard A. Devlin* and *Henry T. Crocker,* Assistant District Attorneys, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM: The order of the court below of February 5, 1968, in so far as it denies appellant the right to appeal nunc pro tunc from his original 1957 sentence, is vacated and the record remanded with

directions to hold a further evidentiary hearing as to the circumstances of appellant's failure to file post-trial motions. If the lower court shall find that appellant has knowingly and intelligently waived his right to file post-trial motions, it shall enter an order to that effect, thereby precluding appellant's right to further prosecute an appeal. If the court should find that he has not understandingly and intelligently waived his right to file post-trial motions, it shall permit appellant to file post-trial motions nunc pro tunc. If such motions are denied, it shall permit appellant to file an appeal nunc pro tunc, if appellant has not intelligently waived such rights. *Commonwealth v. Grillo,* 208 Pa. Superior Ct. 444, 222 A. 2d 427 (1966); *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968).

All proceedings in the appeal allowed at No. 461, Oct. T., 1968, are stayed, pending the determination of appellant's right to a direct appeal under the remand order filed above at No. 460, Oct. T., 1968.