Commonwealth *v.* Myers, Appellant.

154

Submitted June 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*William Glenn Myers, III,* appellant, in propria persona.

*George E. Christianson,* Assistant District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 12, 1968:

Petitioner filed a petition under the Post Conviction Hearing Act on January 11, 1968 alleging that he was denied his right of appeal. Counsel was appointed and the petition was denied without a hearing on the ground that petitioner was told at time of sentencing that he had a right to appeal. The record discloses, however, that petitioner was never told that he had a right to assistance of court-appointed appellate counsel in prosecuting that appeal.

In the recent case of *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968), the Supreme Court held that a person convicted of a crime must be told that

he has a right to appeal the conviction *and* that he has a right to court-appointed counsel to prosecute that appeal if he is indigent. The Court in *Wilson* rejected the argument, upon which the lower court based its dismissal of the present petition, that all an indigent must be told is that he has a right to appeal. Since the record in the instant case discloses that petitioner was never informed of his rights under *Douglas v. California*, 372 U.S. 353 (1963), the lower court erred in dismissing the petition.

We therefore remand the case to the lower court with instructions to permit petitioner to appeal nunc pro tunc, and to appoint appellate counsel if petitioner is still indigent.[1]

---

DISSENTING OPINION BY WRIGHT, P. J.:

This appellant was convicted of prison breach after a jury trial at which he was represented by counsel of his own choice. On August 29, 1967, he filed a post-conviction petition, the dismissal of which was affirmed by this court. See *Commonwealth v. Myers*, 212 Pa. Superior Ct. 726, 241 A. 2d 365. Appellant was represented by counsel in that proceeding, both in the court below and on appeal. It is my view that this second petition by appellant was properly dismissed under Section 4 of the Post Conviction Hearing Act (19 P.S. 1180-4) on the ground that the issues were finally litigated or waived. See *Commonwealth v. Satchell*, 430 Pa. 443, 243 A. 2d 381.

MONTGOMERY, J., joins in this dissent.

---

[1] It should be noted that petitioner has filed a prior petition under the Act. Counsel was appointed, and the petition was denied without a hearing. Since petitioner's right to appeal has only been definitively outlined in the decision of *Commonwealth v. Wilson*, 430 Pa. 1, 241 A. 2d 760 (1968), he cannot be deemed to have waived or finally litigated the right to raise this issue under §4 of the Post Conviction Hearing Act.