Commonwealth *v.* Rawls, Appellant.

Submitted June 12, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

R. *Barclay Surrick,* Assistant Public Defender, for appellant.

*Vram Nedurian, Jr.,* Assistant District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., August 6, 1970:

The issue in this appeal is whether appellant knowingly and intelligently waived the right to appeal his conviction of receiving stolen goods.

Appellant filed a petition under the Post Conviction Hearing Act, requesting, *inter alia,* the right to file

post-trial motions nunc pro tunc. Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180 *et seq.* (Supp. 1970). A hearing was held in the court below, at which appellant testified that he had not been informed of his right to appeal. The Commonwealth presented no evidence in rebuttal, and the court dismissed the petition. From that denial this appeal followed.

Where the trial record is silent with regard to a defendant's knowledge of his appellate rights, the burden of proof in a collateral proceeding is upon the Commonwealth to show that his rights were knowingly and intelligently waived. In order to establish such a waiver, it must be shown that the accused knew of his absolute right to appeal and that he knew of the right to have counsel appointed for him if indigent. *Commonwealth v. Ezell,* 431 Pa. 101, 244 A. 2d 646 (1968) ; *Commonwealth v. Stewart,* 430 Pa. 7, 241 A. 2d 764 (1968) ; *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968).

Since the parties below proceeded under an erroneous view of the law, we remand the record with directions that the Commonwealth be permitted to offer testimony that appellant was aware of his appellate rights. If the hearing court finds that the Commonwealth can sustain its burden of proof by clear and convincing evidence, it shall enter an order denying relief. If, however, the Commonwealth fails to make such a demonstration, the court shall grant appellant the right to file post-trial motions nunc pro tunc.

Accordingly, we vacate the order below and remand the record for further proceedings consistent with this opinion.