Commonwealth *v.* Gerome, Appellant.

Submitted June 12, 1970.  Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Frank M. Jackson,* for appellant.

*James D. Crawford,* Deputy District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 18, 1970:

Appellant filed a petition under the Post Conviction Hearing Act, alleging, among other things, that he was denied effective assistance of counsel because his counsel had a conflict of interest and that he was denied

his right of appeal because he had not competently and intelligently waived that right. Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. §1180-1 *et seq.* (Supp. 1970). A hearing was held, at which testimony with respect to the first allegation was presented. During the course of that hearing, the PCHA court, as well as the parties, conceded that appellant should be granted the right to file post-trial motions nunc pro tunc. At the conclusion of the hearing, however, the court denied appellant's petition in toto. It neglected to grant appellant the right to file post-trial motions nunc pro tunc. From the order of the PCHA court, this appealed followed.

Upon review of the record, we agree with the court below that appellant failed to prove there existed a conflict of interest in the representation afforded him by counsel. Cf. *Commonwealth v. Werner*, 217 Pa. Superior Ct. 49, 268 A. 2d 175 (1970). However, at the same time, since the trial record is silent and no proof was offered, the Commonwealth failed to prove appellant competently and intelligently waived his right of appeal. *Commonwealth v. Rawls*, 217 Pa. Superior Ct. 123, 268 A. 2d 121 (1970). Accordingly, the part of the order of the court below denying appellant's conflict of interest claim and all other Section Three claims he might have raised is affirmed. 19 P.S. §1180-3 (Supp. 1970). See *Commonwealth v. Beecham*, 438 Pa. 326, 265 A. 2d 372 (1970). The order is also reversed in part and appellant is granted the right to to file post-trial motions nunc pro tunc to raise any evidentiary claims he may have.

WRIGHT, P. J., WATKINS and JACOBS, JJ., dissent.