Commonwealth *v.* Williams, Appellant.

Submitted March 16, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John Leonard Williams,* appellant, in propria persona.

*Taras M. Wochok,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion Per Curiam, November 13, 1970:
Order affirmed.

————

Concurring and Dissenting Opinion by Hoffman, J.:

Appellant pleaded guilty to eleven indictments charging burglary, larceny, and receiving stolen goods; carrying a concealed deadly weapon; and carrying a firearm in a motor vehicle without a license. After waiving a jury trial, appellant was tried and found guilty on two indictments charging assault, assault with intent to kill, and committing crimes of violence while armed. Appellant was sentenced to imprisonment for five to ten years each on four of the guilty plea counts with the sentences to run consecutively. Sentence was suspended on the other indictments.

Appellant filed a petition under the Post Conviction Hearing Act, requesting, *inter alia,* the right to file post-trial motions nunc pro tunc. Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 *et seq.* (Supp. 1970). A hearing was held in the court below, at which appellant testified that he had not been informed of his right to appeal. The Commonwealth did not contest this allegation, and the hearing judge stated in his opinion that "[t]he testimony indicates that petitioner was not advised of his right to appeal. However, petitioner is serving sentences only on bills upon which we have found him to have knowingly and intelligently pleaded guilty. As such, the only questions which he could raise on appeal have been raised here."

Although the lower court correctly stated the rule for guilty pleas, in nonpleas cases "[w]here the trial record is silent with regard to a defendant's knowledge of his appellate rights, the burden of proof in a collateral proceeding is upon the Commonwealth to show that his rights were knowingly and intelligently waived. In order to establish such a waiver, it must be shown that the accused knew of his absolute right to appeal and that he knew of the right to have counsel appointed for him if indigent." *Commonwealth v. Rawls,* 217 Pa. Superior Ct. 123, 268 A. 2d 121 (1970). The lower court opinion indicates that appellant's lack of knowledge of his right to appeal was irrelevant because he was not serving a sentence on the indictments to which he plead not guilty.

Despite the fact that appellant is not being punished directly by a sentence for these two indictments, a felony conviction itself entails significant "collateral consequences". With a crime of violence on his record, appellant will find obtaining a job extremely difficult. He may be denied various permits and licenses, and the opportunity to join the armed forces. The parole board

may be inclined to severity in its commutation proceedings with these additional convictions before it. Because of these and other collateral consequences, appellant may insist that his guilt be determined in a trial free from prejudicial error, which includes the right to appeal. The sentence being suspended does not make the case moot. *Ginsberg v. New York*, 390 U.S. 629, 88 S. Ct. 1274 (1968). Cf. *Carafas v. LaVallee*, 391 U.S. 234, 88 S. Ct. 1556 (1968); *Sibron v. New York*, 392 U.S. 40, 88 S. Ct. 1889 (1968).

Accordingly, I would affirm as to the guilty plea indictments, and vacate the order below as to indictments Nos. 558 and 559 of January Sessions, 1954, and grant appellant the right to file post-trial motions nunc pro tunc.