## Commonwealth *v.* Neil, Appellant.

Submitted September 14, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John R. Walker,* Assistant Public Defender, and *Blake E. Martin,* Public Defender, for appellant.

*David S. Dickey,* Assistant District Attorney, and *Jay L. Benedict,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 13, 1970:
Order affirmed.

---

. DISSENTING OPINION BY HOFFMAN, J.:

Appellant was convicted before a judge and jury in 1966 of forgery and uttering. Motions in arrest of judgment and for a new trial were filed by his court-appointed counsel and were denied by the trial court. Before the statutory period for taking an appeal had expired, appellant was advised of his right to appeal with free counsel. However, as far as the record shows, he was never informed of the statutory limit within which an appeal must be filed. In fact appellant did try to file an appeal with this court, without counsel, one or two days after the end of the statutory period. His appeal was denied because the statutory period had run.

The instant case is analogous to *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968). In *Wilson* the record indicated that "appellant may have been told that he could appeal" but was "completely silent as to whether appellant was at any point informed or was aware that he was entitled to court appointed counsel." Id. at 5, 241 A. 2d at 763. The Court stated that "[t]o intelligently waive a right, the accused must first know what that right is". Id. at 4, 241 A. 2d at 763, and that the Commonwealth had not demonstrated that appellant had intelligently waived his right to appeal with appointed counsel.

In the case at bar, appellant was told of his right to appeal with free counsel but not that there was a

time limit after which that right would be waived. Since an appellant will lose his right to appeal after the statutory period has lapsed, I believe that he must be told of the time limits within which an appeal may be brought.[1] Thus one cannot say that, on this record, appellant intelligently waived his right to appeal. The fact that he tried to file a pro se appeal one or two days after the end of the statutory period leads to a contrary conclusion.

The Commonwealth has the burden of showing that appellant intelligently waived his right to appeal. Id. at 3, 241 A. 2d at 762. I believe that the Commonwealth has failed to sustain its burden.

I would reverse the decision of the court below and grant an appeal nunc pro tunc.

---

[1] This is especially true now that the statutory period has been reduced from forty-five to thirty days. Appellate Court Jurisdiction Act, Act of July 31, 1970, Act No. 223 (Effective September 11, 1970).