## Commonwealth v. Wiley

*Albert J. Dudash, Jr.,* for plaintiff.

*Robert C. Reed,* Assistant District Attorney, for Commonwealth.

ROWLEY, J., May 12, 1972.—Defendant's second post conviction petition which is now before us for disposition raises a very narrow issue. A brief description of the prior proceedings in this case is necessary, however, to a proper understanding of the issue raised by defendant and the proper disposition thereof.

On March 15, 1967, defendant, who was then on trial before the court and a jury, withdrew his plea of not guilty and entered a plea of guilty to charges of burglary and robbery by force. Subsequently, defendant was sentenced to a total of 15 to 30 years imprisonment. No direct appeal was taken. Defendant was

represented throughout these proceedings by trial counsel.

On August 29, 1967, defendant filed his first post conviction petition in which he alleged that he was denied his constitutional right to representation by competent counsel and that his guilty plea had been unlawfully induced. By virtue of a subsequent amendment, he also alleged that he had been deprived of his constitutional right to appeal from his sentence. An assistant public defender entered his appearance and represented defendant in the post conviction hearing. Following the hearing and oral arguments by counsel and the filing of written briefs, this court, by the Hon. Ralph F. Scalera, President Judge, on February 20, 1970, filed an opinion and order dismissing defendant's petition and denying the relief sought: Commonwealth v. Wiley, 30 Beav. Leg. J. 84 (1966). From the order of Judge Scalera dated February 20, 1970, defendant filed an appeal to the Superior Court of Pennsylvania. On December 30, 1970, in a per curiam opinion, the court affirmed Judge Scalera's order: Commonwealth v. Wiley, 218 Pa. Superior Ct. 736 (1970).

On June 10, 1971, defendant filed his second post conviction petition which is the one presently before us for disposition. The public defender of Beaver County has entered an appearance and has represented defendant in connection with his second post conviction petition. (The assistant public defender who represented defendant during the proceedings on his first post conviction petition is no longer on the public defender's staff.) The sole claim made by defendant in this, his second petition, is that he was denied his right to representation by competent counsel during his first post conviction proceedings. A careful reading of defendant's second petition and the exhibits attached

thereto disclose that the sole basis for his claim that the assistant public defender who handled his first post conviction petition was incompetent, is that that counsel failed to petition the Supreme Court of Pennsylvania for the allowance of an appeal from the order of the Superior Court entered on December 30, 1970. We are of the opinion that counsel's representation of defendant, in this regard, during his first post conviction proceeding was constitutionally defective and that his right to petition for the allowance of such an appeal must be reinstated.

On January 11, 1971, the assistant public defender then representing the defendant in his first post conviction proceedings, sent him a copy of the Superior Court's order with a letter which stated in its entirety "Enclosed is a copy of the Order we have received in the Appeal of your case." Although the district attorney has filed an answer making a general denial of the allegations contained in defendant's second post conviction petition, he conceded at argument and subsequent thereto that the assistant public defender's letter of January 11, 1971, was the only communication from counsel to defendant. On February 11, 1971, defendant wrote to the assistant public defender who had handled his case and inquired whether counsel had appealed the Superior Court's order to the Supreme Court. He further stated that he wished such an appeal filed. Defendant received no reply to this communication. On February 24, 1971, defendant wrote to the President Judge of this court advising him that it was his desire to have an appeal filed and that he wanted to know whether the assistant public defender had filed such an appeal or had "abandoned" him. Again on March 11, 1971, defendant wrote to the assistant public defender asking for information and stating that he wanted "to make it clear that I want to appeal this or-

der from the Superior Court into the State Supreme Court."

It is clear that defendant had a right under the rules of the Supreme Court of Pennsylvania to petition the Supreme Court for the allowance of an appeal from the December 30, 1970, order of the Superior Court. It is also clear that defendant had a right to the assistance of counsel in presenting the request for such an allowance. It is also clear on the record before us that defendant's failure to take such an appeal resulted from an unconstitutional deprivation of the assistance of counsel. Defendant at all times asserted his desire to appeal the case further. See Commonwealth ex rel. Cunningham v. Maroney, 421 Pa. 157 (1966).

For these reasons, we make the following

### ORDER

Now, May 12, 1972, it is ordered and directed that defendant's present counsel, the public defender of Beaver County, prosecute an appeal on defendant's behalf to the Supreme Court of Pennsylvania from the order of the Superior Court of Pennsylvania dated December 30, 1970.