## Commonwealth *v.* Goins, Appellant.

Submitted June 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert L. Potter*, and *Reed, Smith, Shaw & McClay*, for appellant.

No appearance entered nor brief submitted for Commonwealth, appellee.

OPINION PER CURIAM, October 9, 1975:

Appellant filed a petition pursuant to the Post Conviction Hearing Act, 19 P.S. §1180-1 et seq., in which he alleged that he was denied the right to appeal following a conviction in 1947. See *Douglas v. California*, 372 U.S. 353 (1963), held retroactive by *Smith v. Crouse*, 378 U.S. 584 (1964).

Because there is no trial transcript, the burden is on the Commonwealth to show that appellant knowingly waived his right to appeal. *Commonwealth v. Wilson*, 430 Pa. 1, 241 A.2d 760 (1968). The Commonwealth, however, concedes that it cannot meet its burden and, therefore, appellant is granted the right to appeal *nunc pro tunc*. The conviction must be vacated, and a new trial granted, when no trial transcript exists and the Commonwealth is unable to provide an "equivalent picture." *Commonwealth v. Goldsmith*, 452 Pa. 22, 24, 304 A.2d 478 (1973). The Commonwealth again concedes that it will not be able to sustain the required burden of proof.

Judgment of sentence reversed, and the case is remanded for a new trial.