**UNITED STATES of America ex rel. Robert W. BOYD**

v.

**A. T. RUNDLE.**

**Misc. No. 69–434.**

United States District Court
E. D. Pennsylvania.

Dec. 19, 1969.

---

3. It must be noted that 226 strikers have voluntarily returned to their jobs at National as of this date.

Robert W. Boyd, pro se.

W. F. Steigerwalt, Asst. Dist. Atty., Allentown, Pa., for respondent.

OPINION

JOSEPH S. LORD, III, District Judge.

On April 23, 1966, a jury in the Court of Quarter Sessions of Lehigh County found Robert Boyd guilty of murder in the second degree (Indictment No. 114, April Sessions, 1966). Following this verdict Boyd briefly conferred with his counsel and then indicated, through his counsel, that he did not desire to appeal from the verdict and was prepared for the imposition of sentence. The trial judge questioned the defendant, and the latter stated that he comprehended his counsel's advice regarding a possible appeal, and that he wished to file no post-trial motions, to pursue no appeal and to be sentenced immediately. The court proceeded to sentence Boyd to imprisonment of not less than ten and not more than twenty years.

On July 8, 1966, long after the time for filing post-trial motions had elapsed, Boyd, without the aid of counsel, petitioned the trial court for the Notes of Testimony of his trial. On July 12, 1966, that court ordered that the Notes of Testimony of the trial be transcribed and a copy be delivered to Boyd. The court stenographer filed the notes of testimony of the trial on September 15, 1966, and on the following day a copy was sent to Boyd.

In December, 1966, Boyd initiated a series of attempts in the state courts to secure leave to file post-trial motions attacking his conviction *nunc pro tunc*. However, after an evidentiary hearing in the Court of Quarter Sessions, Lehigh County, in part directed to the issue of whether Boyd had voluntarily and knowingly waived his right to file post-trial motions, the Court of Quarter Sessions, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania rejected relator's plea on the ground that he had effectively waived his right to file post-trial motions. We have thoroughly reviewed the entire state record.

Now, having exhausted his remedies in the state courts, Boyd petitions this

court to grant the writ of habeas corpus on the ground that the state system unconstitutionally deprived him of his right to appeal.[1]

■ The Supreme Court has defined the federal standard of waiver to be " * * * an intentional relinquishment or abandonment of a known right or privilege * * *," Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), or, phrased differently, a "deliberate bypass" which is a "considered choice" of the waiverer, Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). No act which fails to meet this test will be permitted to operate as a waiver of the protection of constitutional guarantees. See, e. g.. United States ex rel. Henderson v. Brierley, 300 F.Supp. 638 (E.D.Pa., 1969). In this case, petitioner contends, generally, that he lacked the composure, information and knowledge necessary to allow him to waive effectively his right to appeal under the applicable standard.

■ Petitioner's first argument is that he was upset and "scared" following the verdict, that he made a rushed decision not to appeal, and thus that his decision was neither intelligent nor intentional. We are of the opinion that the petitioner received a full, fair, and adequate hearing in the state system on this issue, and we are unable to conclude that the common factual determination reached by the Court of Quarter Sessions of Lehigh County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania is not fairly supported by the record. See 28 U.S.C.A. § 2254 (d). Accordingly, we decide that petitioner's claim, insofar as it is based on his lack of composure at the time he decided not to appeal, must fail.

Petitioner's next claim of unconstitutional behavior on the part of the state is rested on the Lehigh County rule of court No. 585 and the construction placed upon a similar rule of court in the case of Commonwealth v. Blum, 210 Pa.Super. 529, 233 A.2d 613 (1967). Rule No. 585 allegedly provides that post-trial motions must be filed within five days of the rendering of the jury's verdict and before the imposition of sentence. The Superior Court considered a similar rule of court in the case of Commonwealth v. Blum, 210 Pa.Super. 529, 532, 533, 233 A.2d 613, 615 (1967) where, as here, the defendant was sentenced before the expiration of the five day period.

"The issue before us for determination is whether a person who has been

---

1. Post-trial motions may be analyzed either (1) as part of the trial "package" in that they are filed soon after trial, and seek to have the trial judge use his discretion to remedy defects in the trial, or (2) as part of the appeal process in that the verdict is being appealed from and attacked, or in that the necessary groundwork for the filing for later review in an appellate court is being laid, Commonwealth v. Whiting, 205 Pa.Super. 92, 208 A.2d 1 (1965) (timely filing of post-trial motions necessary to perfect appeal). Pennsylvania chooses to view post-trial motions, at least for constitutional purposes, as a part of the appellate process.
"It is settled law since the decision in Douglas v. California, supra, [372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)], that an indigent defendant is constitutionally entitled to the assistance of counsel on an appeal as of right. Moreover, it is equally settled that a necessary incident of that right is the assistance of counsel in the task of per-

fecting such an appeal." Commonwealth ex rel. Cunningham v. Maroney, 421 Pa. 157, 159, 218 A.2d 811, 812 (1966).
"[A] defendant's right to the assistance of counsel in properly perfecting his appeal must, of necessity, include counsel's assistance in the filing of post-trial motions. * * * Moreover, the decision not to file such post-trial motions, no less than the decision not to file the appeal itself, requires the defendant's intelligent and understanding appreciation of the consequences of such action." Commonwealth v. Grillo, 208 Pa.Super. 444, 448, 222 A.2d 427, 429 (1966).
At all events, we would reach the same result in this case,—and for the same reasons,—whichever analysis were to be employed; thus we feel free, without deciding which analysis is correct, to discuss this case solely in terms of Douglas rights.

convicted by a jury may be compelled to come to a decision concerning the filing of post-trial motions prior to the expiration of the period allowed by court rule for that purpose. We are of the opinion that the time for filing such motions may not be shortened by the action of the trial judge in sentencing the defendant prior to the period so allowed by the rule. Although the appellant, after consultation with her trial attorney, determined not to file such motions and acquiesced in the demands of the court to appear for sentencing prior to the expiration of the allowed period, this should not preclude her from asserting her right to reconsider after consultation with other counsel, and to file them later but within the allowed period."

Petitioner contends that Commonwealth v. Blum decides that, under a rule of court such as was involved therein, a convicted defendant is guaranteed a full five days in which to reach a final decision as to whether or not to file post-trial motions, and that any decision not to file such motions made before the completion of the five days, even if intentional and intelligent, will be treated not as a binding waiver, but as a tentative decision which can be overridden by a contrary decision in the remainder of the five day period even if the defendant has already been sentenced. Reading state law in this fashion, relator's theory of constitutional deprivation is as follows: that insofar as a state provides appellate remedies it must do so in a way which comports with the demands of the equal protection clause of the Fourteenth Amendment, Griffin v. State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); that Lehigh County has included in the appellate process a non-waivable right to a full five day period in which to decide whether or not to file post-trial motions; that relator had a right to counsel in that entire five day period to avoid invidious discrimination; and that since relator did not know of the right to change his

decision regarding the filing of post-trial motions for five days, and since he did not know of his right to counsel in that period, he did not effectively waive those rights, *see* United States ex rel. Bolognese v. Brierley, 412 F.2d 193, 197 (3 Cir. 1969).

We do not have to treat these constitutional arguments, however, since we read the case of Commonwealth v. Blum, 210 Pa.Super. 529, 233 A.2d 613 (1967) more narrowly than does petitioner. As we read it, Commonwealth v. Blum holds that only where the court by an affirmative act compels a convicted defendant to reach a decision concerning the filing of post-trial motions before the completion of the five day period does the defendant have a right to change that decision during the remainder of the period. A court may not, by an act such as asserting that it will sentence the defendant after only two days, apply pressure to an undecided defendant and thereby force him to reach a decision sooner than he might have absent such pressure. But it is wholly permissible for a court, after a defendant has reached, within the five-day period, an unpressured decision not to file post-trial motions and thus by his own act has shortened the five-day period, to proceed to sentence the defendant immediately.

In Commonwealth v. Blum, defendant's counsel requested that the court delay sentencing so that defendant might have time to consider the advisability of filing post-trial motions, and the court stated that it would defer sentencing for only two days. In Commonwealth v. Senauskas, 326 Pa. 69, 191 A. 167 (1937), cited in *Blum*, the trial court sentenced the defendant immediately after the verdict, giving the defendant no opportunity to decide to file, and to file, post-trial motions. In Commonwealth v. Mayloy and Keating, 57 Pa. 291 (1868), the other case cited in Commonwealth v. Blum, the monthly term of court ended four days after the verdict was rendered. In each of the above cases the defendant, due to an

action taken by the court, was not free, and knew he was not free, to use the full five-day period in reaching a decision. In the case before us, however, relator was free from court-applied pressure to reach a decision before the completion of the five-day period. After the verdict was announced in this case, the court *asked* relator's lawyer if the defendant *wished* to be sentenced immediately and clearly stated that the court was not urging him to so decide. Notes of Testimony at Sentencing, April 23, 1966, at 1, 2. Thereafter, defendant advised the court that he did not wish to appeal and was ready to have his sentence imposed. Id. at 3. Thus, defendant reached his decision without being subjected to any pressure by the court, and the doctrine of Commonwealth v. Blum is inapplicable.

Petitioner's final contention seems to be that he made his decision not to file post-trial motions before a trial transcript existed and thus that his waiver was not an intelligent act based upon a knowledge of trial errors. This contention is wholly lacking in merit. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) did not decide that all indigents at all stages in the appellate process had an absolute right to a free transcript. Rather, *Griffin* stands for the proposition that the state has to supply an indigent defendant with a transcript, or an adequate substitute therefore, where it is needed for the defendant to be able to prosecute adequately and effectively an appeal from a conviction. Here, the petitioner had counsel who advised him that there were good grounds on which to base an appeal. Notes of Testimony, Hearing on February 14, 1968, at 5–9. A trial transcript could have told relator no more, and thus he was not unfairly discriminated against by the lack of one.

Accordingly, the writ will be, and hereby is denied.

There is probable cause for appeal.

It is so ordered.