403 A.2d 582

COMMONWEALTH of Pennsylvania

v.

Robert Wayne COTTEN, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 26, 1979.

Decided May 4, 1979.

Emil M. Spadafore, Jr., Meadville, for appellant.

Robert S. Bailey, Assistant District Attorney, Meadville, for Commonwealth, appellee.

Before CERCONE, WIEAND, and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in denying his Post Conviction Hearing Act ("PCHA")[1] petition without a hearing and in refusing his motion for transcription of trial proceedings. After reviewing appellant's PCHA petition and brief[2] and the record, we agree that one issue should be remanded for an evidentiary hearing and that appellant should be supplied with a transcript of his trial.

On June 25, 1976, Crawford County police filed a criminal complaint charging appellant with involuntary deviate sexual intercourse,[3] indecent assault,[4] and corruption of a minor.[5] On September 16, 1976, a jury found appellant guilty of all three counts. The transcript of testimony taken after the jury's return of the verdict reveals that the trial judge

1. Act of January 25, 1966, P.L. 1580, § 1 et seq.; 19 P.S. § 1180–1 et seq.

2. The Commonwealth has not filed a brief in this case.

3. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 3123.

4. The Crimes Code, supra; 18 Pa.C.S.A. § 3126.

5. The Crimes Code, supra; 18 Pa.C.S.A. § 3125.

advised him that he had a right to file postverdict motions within seven days, a right to appeal any denial of those motions within 30 days after sentencing, and a right to free counsel, and that only those grounds contained in the postverdict motions could be raised on appeal. Pa.R.Crim.P. 1123(c). No postverdict motions were filed. On October 16, 1976, the following colloquy occurred during the sentencing hearing:

"THE COURT: . . . Mr. Cotten, you were told immediately after the verdict that you had a right to file motions for a new trial and arrest of judgment. Do you remember that?

"MR. COTTON [sic]: Yes.

"THE COURT: Did you decide not to file those motions?

"MR. COTTON: That's right.

"THE COURT: You did that, you made that decision on your own?

"MR. COTTON: Yes sir.

"THE COURT: Of your own free will?

"MR. COTTON: Yes."

The court declared that the offenses of indecent assault and corruption of a minor merged with the charge of involuntary deviate sexual intercourse and sentenced appellant to five to ten years imprisonment. On the record, the court further advised appellant of his appeal rights; appellant responded that he understood. Appellant filed no direct appeal. Throughout the proceedings the Public Defender office represented appellant.

On March 4, 1977, appellant filed a *pro se* PCHA petition alleging ineffectiveness of counsel. On March 9, 1977, the court appointed new counsel to represent appellant and to "amend his petition to set forth *specifically* and in detail in what manner, and on the basis of which facts, he claims denial of competent representation by counsel." On March 25, 1977, appellant's PCHA counsel moved for transcription of the trial testimony, claiming that, "in order to adequately review the representation at trial, [he] must be able to read and review the transcript of the trial." On April 5, 1977,

appellant filed a counselled amendment to his PCHA petition. On May 2, 1977, the court ordered transcription of only the colloquy upon return of verdict and the sentence colloquy. On June 24, 1977, the court dismissed appellant's PCHA petition without a hearing. This appeal followed.

A court may "deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner." 19 P.S. § 1180–9. *See Commonwealth v. Strader,* 262 Pa.Super. 166, 396 A.2d 697 (1979). "It is not difficult to infer from these words the legislative intent that petitioners under the Act be given every conceivable benefit in the disposition of their claims for an evidentiary hearing." *Commonwealth v. Nadohil,* 212 Pa.Super. 77, 239 A.2d 840 (1968).

■ Appellant first contends that his counsel was ineffective for failing to explain his post-verdict motion and appeal rights in plain and simple language. Examination of the two transcribed colloquies reveals that appellant was, in fact, fully informed of his rights by the court in simple and straightforward terms and that he understood them. Accordingly, we conclude from the record that this claim of appellant is frivolous and without support.

■ Appellant next contends, albeit inartfully, that his counsel was ineffective for not seeking a trial without jury despite his specific request to so proceed. "The waiver of a jury trial is a personal right of the accused." *Commonwealth v. Morin,* 477 Pa. 80, 383 A.2d 832 (1978). Pa.R. Crim.P. 1101 provides that a defendant may waive jury trial "with the consent of his attorney . . . and approval by a judge . . .." *See Commonwealth v. Garrison,* 242 Pa.Super. 509, 364 A.2d 388 (1976) (no abuse of discretion to deny nonjury trial when defendant "shopping" for another judge). Because we cannot determine from the record that appellant's claim is patently frivolous we will remand for an evidentiary hearing on this issue.

■ Lastly, appellant contends that the lower court abused its discretion in not ordering a transcription of

testimony heard at appellant's trial. In his motion, appellant's new PCHA counsel stated that he must have a trial transcript in order to review adequately appellant's allegation of ineffective counsel. The court ordered transcription of only two post-verdict colloquies. The Commonwealth has filed no brief opposing this claim, and the PCHA court gives no reason for its denial of a trial transcript. In the absence of specific objections or reasons for the denial, we can perceive no reason why appellant's PCHA counsel should not have a transcript of appellant's trial. PCHA counsel was not present at trial; without a transcript, he cannot adequately review the trial proceedings to determine whether appellant's trial counsel was ineffective. *Cf. Commonwealth v. Homsher*, 264 Pa.Super. 271, 399 A.2d 772 (meaningful review on direct appeal requires a transcript of trial proceedings or equivalent picture). Accordingly, we remand to the lower court for transcription of trial proceedings. After reviewing the transcript, appellant's PCHA counsel should then be allowed to amend appellant's PCHA petition to include any additional claims of ineffectiveness which he review may discover.

Affirmed in part, reversed in part, and case remanded for proceedings not inconsistent with this opinion.