441 A.2d 1283

**COMMONWEALTH of Pennsylvania**

**v.**

**Billy Dean COLLINS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 25, 1981.

Filed Feb. 19, 1982.

William H. Mitman, Jr., West Chester, for appellant.

William H. Lamb, District Attorney, West Chester, for Commonwealth, appellee.

Before SPAETH, WIEAND and JOHNSON, JJ.

WIEAND, Judge:

Is counsel ineffective for complying with his client's instructions to withdraw an appeal without first advising the client that the appeal cannot thereafter be revived? The trial court concluded that counsel had not been ineffective when he followed his client's instructions and discontinued the appeal. We affirm.

Billy Dean Collins was tried and convicted of arson. After guilty verdicts had been returned, trial counsel left the Public Defender's staff, but Richard E. Moose, Esquire, undertook representation of Collins. He filed post-trial motions which were dismissed following argument. On November 23, 1977, Collins was sentenced to serve a term of imprisonment of not less than four nor more than ten years. After sentence had been imposed, the sentencing judge

advised Collins that he had a right to appeal and to be represented by counsel for that purpose.[1] An appeal to the Superior Court was filed by Moose on December 23, 1977. On or about January 3, 1978, however, Collins wrote to Moose instructing him to "drop the appeal." Thereafter, on January 6, 1978, Moose wrote to Collins advising him that he would comply with the latter's instructions and withdraw the appeal. This was done on May 4, 1978. Two years later, on April 15, 1980, Collins filed a PCHA[2] petition alleging that post-trial counsel had been ineffective because he had terminated the appeal. New counsel was appointed, and an evidentiary hearing was held. The hearing court concluded that counsel had not been constitutionally ineffective and denied relief. Collins appealed.

Appellant concedes that he was aware of his right to appeal and to be represented by counsel free of charge. He also concedes that he specifically instructed his attorney to "drop" the appeal which had been filed on his behalf. Ironically, he now alleges that counsel was ineffective for complying with his instructions. Counsel should have remonstrated with him, he argues, and should specifically have advised him that the right of appeal would be lost once the pending appeal was withdrawn.

Appellant's argument is specious. A person convicted of a crime has a right to appeal, and if he is indigent he has the right to file his appeal without expense to himself. He also has a right to have his appeal perfected and prosecuted by counsel appointed by the court and paid for by the state. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Commonwealth ex rel. Light v. Cavell,* 422 Pa. 215, 217, 220 A.2d 883, 884 (1966); *Com-*

1. The trial judge said: "You have a right to appeal to the Superior Court within thirty days of today's date. You have the right to counsel for that appeal. In the event Mr. Moose is unable or unwilling to represent you, on application to us, we would appoint counsel to represent you."

2. Post Conviction Hearing Act, Act 1966, Jan. 25, P.L. 1580 (1965), 19 P.S.Sec. 1180–1 et seq. Repealed 1978, April 28, P.L. 202, No. 53, Sec. 2(a) [1397], effective June 27, 1982, now implemented by Pa.R. Crim.P. 1501 through 1506.

monwealth v. Fareri, 271 Pa.Superior Ct. 174, 177, 412 A.2d 632, 633 (1979). A person convicted of a crime is not required to appeal, however, and may waive his rights in connection therewith. *Commonwealth v. Maloy*, 438 Pa. 261, 263, 264 A.2d 697, 698 (1970); *Commonwealth v. Freeman*, 438 Pa. 1, 9, 263 A.2d 403, 407 (1970) (Eagen, J., concurring). To constitute an effective waiver, it must appear that there was an "intentional relinquishment or abandonment of a known right." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *United States ex rel. Boyd v. Rundle*, 308 F.Supp. 184, 186, aff'd 437 F.2d 405 (3rd Cir. 1970); *Commonwealth v. Mack*, 451 Pa. 319, 323–324, 304 A.2d 93, 96 (1973); *Commonwealth v. Maloy*, supra, 438 Pa. at 263, 264 A.2d at 698; *Commonwealth v. Wilson*, 430 Pa. 1, 3, 241 A.2d 760, 762–763 (1968); *Commonwealth v. Ross*, 289 Pa.Superior Ct. 104, 111, 432 A.2d 1073, 1076 (1981); *Commonwealth v. Henderson*, 231 Pa.Superior Ct. 190, 192, 331 A.2d 824, 825 (1974). When a defendant "deliberately and knowingly chooses to bypass the orderly state procedures afforded . . . for challenging his conviction, [he] is bound by the consequences of that decision." *Commonwealth v. Coleman*, 458 Pa. 324, 326, 327 A.2d 77, 78 (1974) quoting *Commonwealth v. Wallace*, 427 Pa. 110, 113, 233 A.2d 218, 220 (1967); *Commonwealth v. Mika*, 277 Pa.Superior Ct. 339, 342, 419 A.2d 1172, 1173 (1980).

In the instant case, appellant was aware of his *Douglas* rights, having been informed of them by the trial court at sentencing. At the PCHA hearing appellant conceded that he understood that he had only thirty days following sentencing in which to file an appeal. Appellant also testified that he had been aware that court appointed counsel had filed an appeal on his behalf. Appellant thus had been in possession of sufficient information to knowingly and voluntarily abandon his right to appeal. It was not essential to a knowing decision to discontinue the appeal that appellant be specifically instructed concerning his inability to revive the discontinued appeal two years thereafter.

Neither can it be said that counsel was ineffective for complying with appellant's instructions to discontinue the

appeal. In *Commonwealth v. Robinson*, 487 Pa. 541, 410 A.2d 744 (1980), it was argued that trial counsel had been ineffective for failing to file an appeal where the defendant, although fully advised of his right to appeal, had made no request that counsel file an appeal. The Court held that "once a client has knowingly and voluntarily waived an appeal, counsel's failure to file an appeal does not constitute ineffective assistance to the client." *Id.*, 487 Pa. at 545, 410 A.2d at 745. See also: *United States ex rel. Mandrier v. Hewitt*, 409 F.Supp. 38, 47 (W.D.Pa.1976); *Commonwealth v. Shore*, 487 Pa. 534, 539–541, 410 A.2d 740, 743–744 (1980); *Commonwealth v. Ross*, supra, 289 Pa.Super. at 111, 432 A.2d at 1076 (1981); *Commonwealth v. Ramsey*, 259 Pa.Superior Ct. 240, 252–253, 393 A.2d 806, 812–813 (1978); *Commonwealth v. Cotten*, 266 Pa.Superior Ct. 141, 144, 403 A.2d 582, 584 (1979). Similarly, where a client has knowingly and voluntarily determined to abandon a perfected appeal and directs his attorney to discontinue the same, counsel is not ineffective for complying with the client's instructions.

Order affirmed.

SPAETH, J., concurs in result.