J-A18006-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DALE SHELTON | : | |
| | : | |
| Appellant | : | No. 174 WDA 2018 |

Appeal from the PCRA Order January 4, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0016217-2008

BEFORE:  BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    FILED DECEMBER 27, 2019

Appellant Dale Shelton appeals from the January 4, 2018 order dismissing his petition for relief under the Pennsylvania Post-Conviction Relief Act ("PCRA").  We affirm.

This Court provided an apt summary of the underlying facts and procedural history of this case in its adjudication of Appellant's direct appeal:

> On September 24, 2008, several people were shot.  Sandra Stewart was shot with a .40-caliber bullet and died as a result of this incident.
>
> . . . .
>
> Appellant testified that prior to the incident on September 24, 2008, he and Devin Scott had an altercation.  Scott approached Appellant and hit him in the back of the head with something.  Appellant turned and Scott aimed a gun at his face.  Scott threatened to kill him and demanded money.  Scott stole everything Appellant had on him, as well as his mother's car.  Appellant did not contact the police because he feared Scott would

retaliate, killing him or his family. After the robbery, Appellant obtained a .40-caliber firearm from Maurice Williams.

. . . .

On the day of the shooting, Appellant was with Maurice and Kevin Williams. They were going to [obtain a refund for fake drugs they had purchased earlier]. Appellant and Maurice dropped off Kevin Williams. They drove on Curtain Avenue towards Warrington Avenue when Appellant saw Devin Scott. This was the first time Appellant had seen Scott since Scott robbed him and threatened his life with a gun.

Appellant testified that Scott looked directly at him. They made eye contact and Appellant panicked. He was scared because he knew that Scott always carried a firearm, Scott had threate[n]ed his life, and the car in which Appellant was riding was coming to a stop at a stop sign by Scott. When the car stopped, Appellant said he got out, attempting to run away from Scott. He saw Scott pull out a gun and fire it at him. Appellant obtained his gun and fired it in response. . . .

Kevin Williams testified that he was outside on Curtain Avenue at the time of the incident. He heard shots down around Bey's Store so he ran to get his illegal .45-caliber firearm. He saw Scott running down Curtain Avenue shooting backwards toward Warrington Avenue. Kevin Williams started shooting towards Scott. Then, he hid the gun. . . .

Devin Scott, an associate of gang members, testified that he left Bey's Store and walked up the sidewalk towards Climax Street. He was on house arrest with a window of time to go to the hospital. Rather, he went to the store, carrying an illegal firearm. He testified that he heard shots behind him from the Warrington Avenue area, so he started running and shooting his nine-millimeter weapon over his shoulder. He threw his nine-millimeter weapon in the bushes and his shirt in the garbage. Law enforcement captured him and charged him with crimes related to this shooting. He denied ever robbing Appellant. Scott was the only person who could definitively testify that Appellant shot first.

There were several people firing weapons during this incident. . . . Fourteen .40-caliber casings were found on the sidewalk, in [a]

parking lot, and on the street. The fourteen spent .40-caliber casings were discharged from the same gun.

. . . .

The Commonwealth charged Appellant by criminal information with multiple offenses arising out of the events of September 24, 2008. Appellant's first trial resulted in a hung jury. At the conclusion of his second jury trial, however, Appellant was convicted of third degree murder, 18 Pa.C.S. § 2502(c), for the death of Sandra Stewart; criminal attempt – homicide, 18 Pa.C.S. § 901(a), for the attack on Devin Scott; aggravated assault (Scott), 18 Pa.C.S. § 2702(a)(1); firearms not to be carried without a license, 18 Pa.C.S. § 6106; and six counts of recklessly endangering another person, 18 Pa.C.S. § 2705.

On April 12, 2011, the trial court sentenced Appellant to an aggregate term of 25-51 years' incarceration. Appellant filed post-sentence motions which were denied by operation of law on September 26, 2011. He then filed a timely notice of appeal on October 24, 2011. . . . Subsequently, by order dated October 16, 2012, this court dismissed Appellant's appeal due to [trial counsel Owen Sem[a]n, [Esquire's] failure to file a brief.

Attorney Seman filed a motion to withdraw his appearance . . . . On January 23, 2013, the trial court granted the motion and appointed the Allegheny County Public Defender's Office to represent Appellant. Appellant . . . then filed a PCRA petition seeking reinstatement of his direct appeal rights. The PCRA court granted his petition by order dated January 31, 2013, and he filed a nunc pro tunc notice of appeal on March 1, 2013.

Commonwealth v. Shelton, 106 A.3d 150 (Pa.Super. 2014) (unpublished memorandum at 2-6) (internal citations omitted; cleaned up). Ultimately, this Court affirmed Appellant's judgment of sentence. Id. at 24. On December 11, 2014, our Supreme Court denied Appellant's petition for allowance of appeal. See Commonwealth v. Shelton, 104 A.3d 525 (Pa. 2014).

On October 20, 2015, Appellant filed a timely pro se PCRA petition raising a litany of issues. Counsel was appointed to represent Appellant, and an amended, counseled PCRA petition was filed. On August 29, 2016, the PCRA court filed notice of its intent to dismiss Appellant's petition without a hearing. On October 7, 2016, Appellant filed a counseled response to the PCRA court's notice. However, six days later, Appellant submitted a filing styled as a "Motion to Proceed Pro Se," requesting that he be permitted to represent himself during the remainder of the proceedings. On October 20, 2016, the PCRA court dismissed Appellant's PCRA petition without a hearing, but scheduled a hearing on Appellant's request to proceed pro se. See Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

On November 16, 2016, prior to the Grazier hearing, Appellant filed a notice of appeal to this Court via counsel. On November 22, 2016, Appellant was directed to file a concise statement of errors complained of pursuant to Pa.R.A.P. 1925(b), but the Court provided him with an extended window of time in which to do so. On January 11, 2017, the PCRA court granted Appellant's request to represent himself. Thereafter, no statement of errors was filed by Appellant, and the PCRA court entered an order on February 17, 2017, stating that all of Appellant's potential issues had accordingly been waived. Appellant file a number of submissions in the PCRA court seeking copies of various orders, transcripts, and documents. Before this Court, Appellant requested that his case be remanded so that the PCRA court could

- 4 -

consider additional issues not raised in his initial petition. We denied Appellant's request and advised him that his proper remedy would be to seek a discontinuance of the appeal. On May 3, 2017, the PCRA court received a similar "Petition for Remand" from Appellant requesting that the PCRA court remand his case from the Superior Court, which was properly denied.

Appellant filed in the PCRA court a petition seeking leave to amend his PCRA petition, which the PCRA court inexplicably granted and directed him to file an amended petition. Thereafter, Appellant filed an "Application to Discontinue Appeal," which this Court granted. On June 26, 2017, Appellant filed an amended PCRA petition consistent with the PCRA court's directives. In response, the Commonwealth argued that Appellant's amended petition was essentially an untimely, second petition under the PCRA.

On August 31, 2017, the PCRA court issued notice of its intent to dismiss Appellant's amended petition as untimely. Appellant responded by arguing forcefully that his amended filing related back to his first PCRA petition filed on October 20, 2015. He also emphasized that the PCRA court granted him leave to amend his timely petition while his appeal of the order denying that petition was pending before this Court. On January 4, 2018, the PCRA court dismissed Appellant's June 2017 PCRA petition as untimely. This timely appeal followed. The PCRA court directed Appellant to file a concise statement pursuant to Rule 1925(b), Appellant timely complied, and the PCRA court filed an opinion pursuant to Rule 1925(a).

On November 26, 2018, Appellant filed an application for this Court to remand the matter to the PCRA court to address a potentially meritorious issue concerning the jury instructions in his case. This Court granted Appellant's application, the PCRA court addressed this additional claim in a supplemental opinion, and the case was returned to the jurisdiction of this Court.

Before addressing the merits of Appellant's many claims, we must untangle the morass that is the procedural history of this case.[1] As a result of the history discussed above, Appellant believes that this appeal ultimately stems from his first, timely PCRA petition. He is, unfortunately, mistaken.

Our standard and scope of review in this context is well-articulated under existing Pennsylvania precedent: "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." Commonwealth v. Edmiston, 65 A.3d 339, 345 (Pa. 2013). We must view the evidence of record in the light most favorable to the prevailing party at the PCRA court level. See Commonwealth v. Koehler, 36 A.3d 121, 131

_____

[1] In relevant part, the PCRA court stated as follows regarding the many twists and turns in Appellant's post-collateral petitions: "This is a post-conviction matter where a perfect storm of circumstances has led to a rather confusing procedural history. The Court will attempt to untangle the web that it, admittedly, has been more than a bit player in this drama." Trial Court Opinion, 1/4/18, at 1. We whole-heartedly concur with the PCRA court's characterization of the underlying procedural history of this case. Most importantly, the PCRA court obfuscated straightforward principles of timeliness under the PCRA and misled Appellant concerning his ability to serially amend a petition that had already been adjudicated and appealed.

(Pa. 2012). However, we apply a de novo standard of review with specific regard to the PCRA court's legal conclusions. Commonwealth v. Spotz, 18 A.3d 244, 259 (Pa. 2011).

As a general matter, Pa.R.A.P. 1701(a) provides that "after an appeal is taken . . ., the trial court . . . may no longer proceed further in the matter." Under Rule 1701(a), this Court has held that "a criminal defendant who fails to timely assert alleged errors in the trial court that require action on the part of that court may suffer a consequence for his failure to follow this avenue of redress prior to appeal." Commonwealth v. Pearson, 685 A.2d 551, 557 (Pa.Super. 1996); see also Commonwealth v. Hodge, 658 A.2d 386, 388-89 (Pa.Super. 1995) (holding that a criminal defendant had waived a challenge to the weight of evidence by filing an immediate appeal without first raising this issue with the trial court). While Rule 1701(b) preserves in the trial court a limited authority to take certain administrative actions to correct "obvious and patent errors" in the record or grant reconsideration within thirty days of the entry of an order,[2] this Court has held that "major substantive changes, such as the total withdrawal of an order relative to a motion of record does not constitute a corrective order within the inherent powers of the trial court

_____

[2] See 42 Pa.C.S. § 5505 ("[A] court upon notice to the parties may modify or rescind any order within 30 days after its entry . . . ."). Even if we charitably construe Appellant's request for amendment as a request for reconsideration, it was filed more than eight months after the PCRA court dismissed Appellant's first petition and more than six months after Appellant appealed to this Court.

or to the court's statutory authority." Manufacturers and Traders Trust Co. v. Greenville Gastroenterology, SC, 108 A.3d 913, 921 (Pa.Super. 2015). This precedent also applies to criminal cases. Id. ("In the criminal context, our Supreme Court has noted that if this inherent power were extended beyond obvious, patent errors, it would swallow § 5505's general rule.") (citing Commonwealth v. Holmes, 933 A.2d 57, 66-67 (Pa. 2007)).

Tempering the above discussions, Pa.R.Crim.P. 905(a) provides that "[t]he judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time." Further, it commands that "[a]mendment shall be freely allowed to achieve substantial justice." Id. Case law interpreting Rule 903(a) also suggests that amendments to PCRA petitions are not governed by the timeliness requirements of the PCRA. See Commonwealth v. Crispell, 193 A.3d 919, 929 (Pa. 2018) ("Because the PCRA court was faced with a motion to supplement a timely petition, rather than a new petition, the time restrictions of the PCRA did not apply.").

On its face, Rule 903(a) would seem to inherently conflict with the substantive law discussed above concerning the propriety of post-appeal amendments. However, this Court has further provided that "application of the liberal amendment policy of Rule 905(a) requires that the PCRA petition in question is still pending before the PCRA court at the time the request for amendment is made." Commonwealth v. Sepulveda, 144 A.3d 1270, 1280 (Pa. 2016) (emphasis added); see also Commonwealth v. Swartzfager,

59 A.3d 616, 619 (Pa.Super. 2012) (holding that a subsequent petition for collateral relief may only be treated as an amendment "[i]n the absence of a final ruling on a timely-filed first PCRA petition"). Thus, our pertinent point of inquiry is whether Appellant's PCRA petition was pending when he requested leave to amend.

It is beyond cavil that Appellant's first PCRA petition was not pending before the PCRA court when he submitted the at-issue request for amendment. The PCRA court had issued a final order dismissing Appellant's first PCRA petition months before Appellant submitted his request for amendment, and the court had no jurisdiction to grant such relief. Id. ("Following a full and final decision by a PCRA court on a PCRA petition, that court no longer has jurisdiction to make any determinations related to that petition."). Appellant also dithered for half of a year prior to seeking leave to amend his petition, which means that statutory reconsideration was unavailable. See 42 Pa.C.S. § 5505; see also Sepulveda, supra at 1280 n.20. Finally, Appellant also filed a notice of appeal to this Court prior to seeking leave to amend, which would also make the preclusive effect of Rule 1701 applicable to this controversy. See Pa.R.A.P. 1701(a). Hence, Appellant's first PCRA petition was actually pending in this Court when he sought leave to amend from the PCRA court. Appellant discontinued that appeal after the PCRA court erroneously granted him leave to amend. See Pa.R.A.P. 1973.

Based on all of the foregoing, we are constrained to conclude that the PCRA court was without the jurisdiction or ancillary authority to grant Appellant the right to amend his first PCRA petition. As such, the litigation of Appellant's first PCRA petition properly concluded when Appellant discontinued his appeal before this Court. See Commonwealth v. Collins, 441 A.2d 1283, 1284 (Pa.Super. 1982) ("When a defendant deliberately and knowingly choses to bypass the orderly state procedures afforded . . . for challenging his conviction, he is bound by the consequences of that decision.").[3]

As the Commonwealth correctly observed, Appellant's June 2017 PCRA petition is, in fact, a second PCRA petition. As such, it is subject to the requirements of timeliness: "A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the judgment of sentence becomes final." Commonwealth v. Mitchell, 141 A.3d 1277, 1284 (Pa. 2016) (citing 42 Pa.C.S. § 9545(b)(1)). Thus, we must assess whether Appellant's petition is timely or subject to one of the exceptions to the timeliness requirements under the PCRA. See Commonwealth v. Walters, 135 A.3d 589, 591-92 (Pa.Super. 2016) ("[T]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a

_____

[3] This Court has held that it is "not essential to a knowing decision to discontinue [an] appeal that appellant be specifically instructed concerning his inability to revive the discontinued appeal . . . ." Commonwealth v. Collins, 441 A.2d 1283, 1285 (Pa.Super. 1982).

petition if it is not timely filed."). In pertinent part, the PCRA provides as following regarding timeliness:

> (b) Time for filing petition.—
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United Sates;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> . . . .
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. § 9545(b). In reviewing these statutory provisions, it is also critically important to note that "there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." Commonwealth v. Brown, 943 A.2d 264, 267 (Pa. 2008) (emphasis added).

Instantly, Appellant's second PCRA petition is facially untimely.[4] Moreover, Appellant has neither pled nor proved that any of the timeliness exceptions set forth at § 9545(b)(1)(i)-(iii) are applicable to his case. Equitable relief is unavailable under our Supreme Court's binding precedent.[5] See Brown, supra at 267. Thus, Appellant's second PCRA petition is untimely. The PCRA court lacked jurisdiction to entertain Appellant's claims. See Commonwealth v. Blackwell, 936 A.2d 497, 500 (Pa.Super. 2007) ("[F]ailure to allege a timeliness exception in the PCRA petition itself precludes the petitioner from raising it on appeal."); see also Commonwealth v. Liebensperger, 904 A.2d 40, 46 (Pa.Super. 2006) ("These exceptions must be specifically pleaded or they may not be invoked.").

_____

[4] Appellant's sentence became final ninety days after our Supreme Court denied Appellant's petition for allowance of appeal on December 11, 2014, when the window to seek a writ of certiorari in the U.S. Supreme Court expired. See U.S.Sup.Ct. Rule 13(1). Thus, Appellant's sentence became final on March 11, 2015. See 42 Pa.C.S. § 9545(b)(3). Thereafter, the one-year time limit set forth at 42 Pa.C.S. § 9545(b) began to accrue. Appellant's second PCRA petition was not filed until June 26, 2017, which renders it untimely by more than two years.

[5] Black-letter law concerning timeliness under the PCRA prevents us from granting succor to Appellant, who has ultimately been deprived of his procedural rights under the PCRA by an unwelcome confluence of events. In relevant part, it makes perfect sense that Appellant advanced no argument concerning the timeliness of his second PCRA petition, as he obviously believed—with good cause—that he was legitimately granted leave to amend his first PCRA petition. Such a procedural posture is impossible under governing Pennsylvania law, as discussed above. We note our deep and abiding concern that we are unable to correct the obvious breakdown in administrative judicial functions that occurred in this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/27/2019</u>